IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN FONTAINE,<br><br>    Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 3:14-00459<br><br>Jury Demand<br><br>Judge Nixon<br><br>Magistrate Judge Griffin |

## INITIAL CASE MANAGEMENT ORDER # 1

**A. JURISDICTION:** This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**B. BRIEF THEORIES OF THE PARTIES:**

1) **PLAINTIFF:**

Plaintiff was hired by Defendant Nissan North America, Inc. on March 1, 1992. His date of birth is June 11, 1967. Plaintiff worked as a line tech at Nissan and performed the job duties and responsibilities he was hired to perform, and had not received any complaints about his performance.

Plaintiff was injured while on the job at Nissan in 2008, and received Workers' Compensation while out on medical leave. He was out of work for two to three months. That same year, Nissan offered a buyout to its employees but Plaintiff declined the buyout offer. Upon his return to work after recuperating from his injury, Plaintiff was harassed by his supervisors on the basis of his disability and repeatedly issued disciplinary action. Other non-disabled, younger workers were not harassed and were not issued discipline.

In 2011 Plaintiff was diagnosed with Peripheral Neuropathy, and because it was work-related Plaintiff again received Workers' Compensation. He was out of work for surgery on each

1

11708419.1

hand for approximately six months. When he returned to work in 2012, Plaintiff was again harassed and singled out by his supervisor. Plaintiff was ultimately terminated on July 19, 2012. Plaintiff believes that but for his age he would not have been terminated as he was one of the most senior employees and had not accepted the buyouts offered by Nissan in the past four years.

2) **DEFENDANT:**

Nissan did not discriminate against Plaintiff based on his age, alleged disability, participation in workers' compensation, or any other protected characteristic. Plaintiff's employment was terminated because he falsified a document listing the sequence numbers of the units he worked on so that the error he committed would be assigned to another employee. Plaintiff had previously been placed on a permanent final written warning for his inappropriate workplace behavior and had been counseled numerous times for poor performance. Plaintiff was discharged for legitimate non-retaliatory reasons and this lawsuit should be dismissed.

C. **ISSUES RESOLVED**: Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE**: Liability and damages.

E. **STATUS OF THE PLEADINGS**: Pursuant to the order entered March 21, 2014 (Docket Entry No. 8), Defendant's Answer to the Complaint is due on April 3, 2014.

F. **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 24, 2014.**

G. **DISCOVERY**: The parties shall depose all fact witnesses on or before **November 21, 2014.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Griffin.

11708419.1

**H. MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before **June 20, 2014**.

**I. DISCLOSURE OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **August 15, 2014**. The defendant shall identify and disclose all expert witnesses and reports on or before **September 12, 2014**.

**J. DEPOSITIONS OF EXPERT WITNESSES**: The parties shall depose all expert witnesses on or before **November 21, 2014**.

**K. JOINT MEDIATION REPORT**: The parties shall file a joint mediation report on or before **September 26, 2014**.

**L. DISPOSITIVE MOTIONS**: The parties shall file all dispositive motions on or before – **January 16, 2015**. Responses to dispositive motions shall be filed within twenty-eight (28) days after filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty-five (25) pages absent leave of the Court.

**M. ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**N. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 3 days.

It is so **ORDERED.**

_____
MAGISTRATE JUDGE GRIFFIN

APPROVED FOR ENTRY:

Allman & Associates


/s/ Andy L. Allman
Andy L. Allman, (BPR # 17857
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
Telephone: (615) 824-3761 x203
Facsimile: (615) 264-2720
andylallman@comcast.net

*Attorney for Plaintiff*


/s/ Brian Pierce
Waverly D. Crenshaw, Jr. (BPR # 9942)
Brian Pierce (BPR # 031857)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 850-8794 (telephone)
(615) 244-6804 (facsimile)
waverly.crenshaw@wallerlaw.com
brian.pierce@wallerlaw.com

*Attorneys for Defendant*

4

11708419.1