IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN FONTAINE )
)
v. ) NO. 3-14-0459
) JUDGE CAMPBELL
NISSAN NORTH AMERICA, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 22). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

INTRODUCTION

This employment discrimination action alleges violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). Plaintiff has conceded his ADEA claims, so those claims are DISMISSED.

Defendant argues that Plaintiff was fired for falsifying a document and for his dishonest attempt to use that document to avoid discipline for a vehicle defect he caused. Defendant asserts that because Plaintiff cannot show that Defendant's reason for firing him was pretext for disability discrimination, Defendant is entitled to judgment on Plaintiff's only remaining claim.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material

facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AMERICANS WITH DISABILITIES ACT

Plaintiff's only remaining claim is an ADA claim. In order to establish a violation of the ADA, a person must establish that: (1) he has a disability, as defined in the ADA; (2) he is qualified to perform the essential functions of his position, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Demyanovich Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014).[1]

---

[1] If the Plaintiff establishes this *prima facie* case, then the burden shifts to the Defendant to offer a legitimate, nondiscriminatory reason for its adverse action. *Sjostrand v. Ohio State University*, 750 F.3d 596, 599 (6th Cir. 2014). If the Defendant makes this showing, which is a burden of production, not persuasion, the Plaintiff must then present evidence allowing a jury to find that the Defendant's reason is a pretext for unlawful discrimination. *Id.*

The ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "but-for" cause of the adverse employment action. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 314 (6th Cir. 2012); *Molina-Parrales v. Shared Hospital Servs. Corp.*, 992 F.Supp.2d 841, 855 (M.D. Tenn. 2014). Thus, in order to proceed with his claims under the ADA, Plaintiff must meet the threshold burden of showing that he is a "disabled" individual within the meaning of the ADA. If Plaintiff has no "disability," then Defendant cannot be liable for discrimination because of it.

Plaintiff's Complaint does not even allege that Plaintiff is "disabled." Although the parties' briefs refer to Plaintiff's alleged disability as Attention Deficit Disorder ("ADD"), nowhere in Plaintiff's Complaint is it alleged that Plaintiff suffered from ADD. In fact, ADD is never mentioned in Plaintiff's Complaint.[2] Plaintiff's Complaint states simply that "Defendant's discipline and termination of Plaintiff was part of a knowing and intentional pattern of discrimination in violation of the Americans with Disabilities Act as Amended."

Even if Plaintiff could show that he is "disabled" under the ADA, in order to prevail on a wrongful termination claim, he must prove that "but for" his disability, he would not have been terminated. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 321 (6th Cir. 2012). Plaintiff's Complaint alleges that *age* was the "but for" cause of his termination, not a disability. In his deposition, Plaintiff stated that disability was about 60% of the reason for his firing. Docket No. 24-

---

[2] Plaintiff's Complaint mentions physical "impairments" due to prior work injuries and a diagnosis of peripheral neuropathy, but never does it allege that these medical conditions were "disabilities." Moreover, in response to Defendant's Motion, Plaintiff does not allege that these medical conditions constitute "disabilities" under the ADA.

3

1, pp. 47-48 (Plaintiff's Dep., pp. 252-53). In his Response brief, Plaintiff asserts that the motivating factor for his termination was his "health condition."

Despite this absence of an allegation in the Complaint or medical evidence of a "disability," Defendant seems to assume that Plaintiff can establish a *prima facie* case of disability discrimination. Assuming Plaintiff can show a *prima facie* case, Defendant contends that Plaintiff cannot show that its legitimate, non-discriminatory reason for Plaintiff's firing was pretextual.[3]

Defendant maintains that it terminated Plaintiff's employment because Plaintiff falsified a business document to avoid discipline for a defect on a vehicle for which he was responsible. This alleged misconduct was not the first or only time Plaintiff had been disciplined. At the time of this alleged dishonesty, Plaintiff had already been given a Final Written Warning under Defendant's discipline policies which stated that any future inappropriate work behavior or gross misconduct would result in immediate termination without progressive discipline.[4]

Plaintiff does not dispute that dishonesty and falsification of documents are sufficient non-discriminatory reasons to terminate an employee. Plaintiff argues that Defendant's reason was pretext because it had no basis in fact; that is, it was not true.

A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. *Foster v. Spring Meadows Healthcare Center, LLC*, 2013 WL 829363 at * 10 (M.D. Tenn. March 6, 2013) (*citing Smith v.*

---

[3] To show pretext, Plaintiff may show that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the action, or (3) the proffered reason was insufficient to warrant the adverse action. *Sybrandt v. Home Depot, U.S.A., Inc.*, 560 F.3d 553, 558 (6th Cir. 2009).

[4] Plaintiff has admitted that he accepted this Final Written Warning as a condition of his reinstatement in 2010. Docket No. 33, ¶ 12.

4

*Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)). Where the employer can demonstrate an honest belief in its proffered reason, an inference of pretext is not warranted. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). An employer's proffered reason is considered honestly held where the employer can establish it reasonably relied upon the particularized facts that were before it at the time the decision was made. *Id*. A plaintiff is required to show more than a dispute over the facts upon which the decision was based. *Id*.

The Court finds that, in this case, there is no genuine issue of material fact as to whether Defendant held an honest belief that Plaintiff had falsified a document in an attempt to avoid responsibility. Defendant made a reasonably informed and considered decision and has established that it reasonably relied upon the particularized facts that were before it at the time this decision was made. Plaintiff has admitted the following facts:

● On July 14, 2012, the Lead Line Technician on Plaintiff's line, Brian Nowlin, discovered that Vehicle No. 768 had a defect related to the overflow hose. Docket No. 33, ¶ 27.

● Nowlin proceeded to the section of the line on which the overflow hose was supposed to be attached to determine which employee was responsible for Vehicle No. 768. *Id.*, ¶ 28.

● Plaintiff had signed in that day beginning at Vehicle No. 702 and ending at Vehicle No. 828. *Id*., ¶ 30.

● Plaintiff reviewed the tracking log[5] with Nowlin while he checked for the defective vehicle's number. *Id*., ¶ 29.

---

[5] The tracking log was set up for Plaintiff to write down the sequence numbers of any vehicles he knew contained defects and/or any vehicles on which he had used other employees to assist him. Docket No. 33, ¶ 26.

● Nowlin did not see any indication that the number 768 had been written on the tracking log to indicate that an employee other than Plaintiff was responsible for the defect. *Id.*, ¶ 31.

● At the next break, Plaintiff approached Nowlin and told him that the number was on the sheet and Plaintiff should not be held responsible for the defect. *Id.*, ¶ 31.

● Following the conversation between Plaintiff and Nowlin, Nowlin again checked the tracking log, this time finding the number 768 written in the margin. *Id.*, ¶ 34.

● Plaintiff also indicated to his supervisor, Joshua Harris, that he should not be held responsible for the defect because the number was on the tracking log. *Id.*, ¶ 33.

● Nowlin reported to Harris that the number had not been on the tracking log the first time he looked at it, that the number had not been on the tracking log when he and Plaintiff looked for it together, and that the number first appeared on the log after Nowlin and Plaintiff initially checked it. *Id.*, ¶ 35.

Defendant asserts that, based on the information Nowlin provided, Harris concluded that Plaintiff had falsified the tracking log in an effort to avoid responsibility for the defect, and Harris asked Nowlin to put what had happened in writing. Plaintiff disputes this fact, stating that no one ever told Tribble (the plant manager) they saw Plaintiff falsify a document or write a number down on the sign-in sheet. Docket No. 33, ¶ 36. Harris recommended to Tribble that Plaintiff be fired. Plaintiff admits that Tribble reviewed the statements of Harris and Nowlin and also Plaintiff's prior disciplinary record, including his Final Written Warning, and determined that termination of employment was appropriate. *Id.*, ¶ 38.

CONCLUSION

For all these reasons, the Court finds that, even assuming that Plaintiff has shown he was "disabled," which the Court finds he has not, Plaintiff has not shown that Defendant's legitimate, non-discriminatory reason for firing him was pretext for disability discrimination. Accordingly, Defendant's Motion for Summary Judgment (Docket No. 22) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE